**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2639
_____

VINCENT TIRPAK,

Appellant

v.

STATE OF DELWARE DEPARTMENT OF TECHNOLOGY AND INFORMATION;
JAMES H. SILLS, III, individually; MICHAEL J. MYRON, individually;
LI WEN LIN, individually; MATTHEW PAYNE, individually; and
KIM THORNTON, individually

_____

On Appeal from the United States District Court for the
District of Delaware
(District Court No.: 1-13-cv-00346)
District Judge: Honorable Gregory M. Sleet
_____

Submitted under Third Circuit LAR 34.1(a)
on April 8, 2016

(Filed: May 3, 2016)

Before: FISHER, COWEN and RENDELL, Circuit Judges.

_____

_____

**RENDELL**, Circuit Judge:

Vincent Tirpak, a former employee of the Delaware Department of Technology and Information ("DTI"), appeals the District Court's grant of summary judgment to DTI and the following DTI employees: James H. Sills, III, Michael J. Myron, Li Wen Lin, Matthew Payne, and Kim Thornton ("DTI employee-defendants"). Tirpak claimed that these defendants violated the Americans with Disabilities Act ("ADA") and the Family Medical Leave Act ("FMLA"). We will affirm the District Court's ruling.[1]

Because we write primarily for the parties, who are familiar with the facts of this case, we set forth only a brief summary here. Tirpak, who suffers from attention deficit disorder and depression, started working for DTI in 2006 as a Project Management Specialist. From January 24, 2011, to February 2, 2011, he took leave from DTI under the FMLA. Just over a month after he returned, DTI placed him on a Performance Improvement Plan ("PIP"). Over five months later, on August 18, 2011, DTI terminated his employment, citing his inability to meet the expectations outlined in the PIP.

On March 1, 2013, Tirpak filed this lawsuit. He alleged that the DTI employee-defendants violated his procedural due process rights in terminating him (Count I). On appeal, however, he has conceded that the District Court properly rejected this claim. He

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291.

also alleged that DTI itself discriminated against him because of his disability and denied him reasonable accommodations in violation of the ADA (Counts 2 and 3), and that it retaliated against him for taking FMLA leave (Count 4).

The defendants moved for summary judgment. DTI argued that Tirpak's ADA and FMLA claims against it were barred because it was a state agency and was thus immune from suit under the Eleventh Amendment. In response, citing *Ex parte Young*, 209 U.S. 123 (1908), Tirpak argued that these claims were permitted under the Eleventh Amendment because they sought injunctive relief and were against not DTI but rather the DTI employee-defendants. *See Koslow v. Pennsylvania*, 302 F.3d 161, 168 (3d Cir. 2002) ("[A] person seeking purely prospective relief against state officials for ongoing violations of federal law may sue under the 'legal fiction' of *Ex parte Young* . . . .").

In granting summary judgment to the defendants, the District Court first concluded that the Eleventh Amendment barred Tirpak's ADA and FMLA claims insofar as those claims were against DTI itself. DTI enjoys sovereign immunity unless it has consented to the suit or Congress has abrogated its immunity for the claim at issue. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). As the District Court determined, neither exception applied to these claims. *See Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001) (holding that Congress lacked authority to abrogate states' sovereign immunity for claims asserted under Title I of the ADA); *Coleman v. Court of Appeals of Md.*, 132 S. Ct. 1327, 1338 (2012) (holding that Congress lacked authority to abrogate states' sovereign immunity for claims relating to FMLA's self-care provision).

3

The District Court then rejected Tirpak's *Ex parte Young* argument, concluding that he had failed in several ways to properly plead his ADA and FMLA claims against the DTI employee-defendants. It pointed out that Tirpak pleaded these claims only "against Defendant Department of Technology and Information" and that, by contrast, he pleaded his procedural due process claim against the DTI employee-defendants. (App. 7.) It also highlighted how, in pleading the ADA and FMLA claims, Tirpak named DTI as the singular "Defendant." (*Id.*) It also concluded that, even if Tirpak had pleaded these claims against the DTI employee-defendants and not just DTI itself, he still failed to plead plausible ADA and FMLA claims against them because he specified in his complaint that he was suing them each "individually" rather than in their official capacity. *See Koslow*, 302 F.3d at 178 (allowing ADA claim against a state official, "but only in his representative—not his individual—capacity"); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013) (stating that Eleventh Amendment does not bar FMLA claim for prospective relief against "state officials in their official capacity"). The District Court then declined to allow Tirpak to amend his complaint to cure these defects, noting that he had never requested leave to amend his complaint. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252–53 (3d Cir. 2007) (establishing that district courts must sua sponte grant plaintiffs leave to amend only in civil rights cases).

We find the District Court's analysis to be correct in all respects and will therefore affirm its grant of summary judgment to DTI and the DTI employee-defendants.